IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-303-BO

| | | |
|---|---|---|
| CELESTE G. BROUGHTON,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| WELLS FARGO AND COMPANY,<br>INDIVIDUALLY AND AS EXECUTOR<br>OF THE ESTATE OF ROBERT B.<br>BROUGHTON and JOHN N. MCCLAIN,<br>JR., INDIVIDUALLY AND AS AGENT<br>FOR WELLS FARGO & CO.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | O R D E R |

This matter is before the Court on the following motions filed by plaintiff, proceeding in this matter *pro se*: motion for recusal of the undersigned pursuant to 28 U.S.C. § 455(a) and for jury trial, motion for extension of time to file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) until one month following the undersigned's recusal, and motion for entry of default judgment based upon decades of continuous fraud. The appropriate responses and replies have been filed and the matters are ripe for ruling. For the reasons discussed below, plaintiff's motions are denied.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the procedural and factual background of this matter as recited in its order of November 3, 2016. By the order, the Court granted defendants' motions to dismiss and for judgment on the pleadings and dismissed plaintiff's complaint in its entirety. [DE 99; 100]. The instant motions were filed following entry of judgment.

## DISCUSSION

Plaintiff seeks recusal of the undersigned pursuant to 28 U.S.C. § 455(a), which provides that a judge shall disqualify himself in any proceeding in which his impartiality may reasonably be questioned. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (citation omitted). "Even remarks made 'that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (citing *Liteky*, 510 U.S. at 540). Moreover, "[t]he alleged bias must derive from an extra-judicial source." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). "An extra-judicial source" is a basis "other than what the judge has learned or experienced from his participation in the case." *Sine v. Local No. 922 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989). Neither "opinions held by judges as a result of what they learned in earlier proceedings" nor opinions "properly and necessarily acquired in the course of the proceedings" have been found to be the basis of bias or prejudice that might require recusal. *Liteky*, 510 U.S. at 551. "The proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *In re Beard*, 811 F.2d at 827.

Plaintiff has failed to make a showing that the undersigned's impartiality might reasonably be questioned. Her primary bases for disqualification concern rulings by the Court which, as noted above, almost never constitute a valid basis for disqualification. The undersigned's maintaining of decorum in the courtroom further provides no valid basis for disqualification. Plaintiff has failed to demonstrate that another with knowledge of all the circumstances might reasonably question the undersigned's impartiality and the § 455(a) motion is denied. Plaintiff's request for jury trial is further denied. Judgment has been entered and this

2

matter is closed. Plaintiff's request for an extension of time within which to file a motion to alter or amend judgment is also denied. *See Alston v. MCI Commc'ns Corp.*, 84 F.3d 705, 706 (4th Cir. 1996) (district court without the power to enlarge the time to file Rule 59 motion). Finally, plaintiff's motion for entry of default judgment against defendants is without merit and, judgment already having been entered in this matter, is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motions [DE 101; 102; 107] are DENIED.

SO ORDERED, this 27 day of April, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3